UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RAMON SAUL SILVA JR,<br><br>                    Plaintiff,<br>v.<br><br>ROGELIO ZARAGOZA,<br><br>                    Defendant. | Case No. 3:21-cv-5444-BHS-TLF<br><br>REPORT AND RECOMMENDATION DENYING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>Noted for August 6, 2021 |

This case has been referred to Magistrate Judge Theresa L. Fricke pursuant to 28 U.S.C. § 636(b)(1) and Local Rule MJR 3 and 4. This matter comes before the Court on plaintiff's filing of an application to proceed *in forma pauperis* (the "Application"). Dkt. 1. After reviewing the Application, the Court concludes that Plaintiff has incurred three "strikes" under 28 U.S.C. § 1915(g) and has failed to show he is under imminent danger of serious physical injury. Therefore, the Court recommends Plaintiff's Application (Dkt. 1) be denied and Plaintiff be directed to pay the $402.00 filing fee in order to proceed with this action.

## BACKGROUND

Plaintiff, who is a Washington State prisoner currently incarcerated at the Washington State Penitentiary, filed an application to proceed *in forma pauperis* ("IFP") and a proposed complaint pursuant to 42 U.S.C. §1983 on June 17, 2021. Dkt. 1. Plaintiff's proposed complaint alleges that defendant, a psychiatrist at Western State

Hospital where plaintiff was previously confined, violated plaintiff's religious rights by prescribing anti-psychotic medication instead of marijuana, which plaintiff contends is required by his religion. Dkt 1-1 at 5–6.

## DISCUSSION

The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. 28 U.S.C. § 1915(a). However, the Court has broad discretion in denying an application to proceed *in forma pauperis*. *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963).

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915, governs *in forma pauperis* ("IFP") proceedings. Under § 1915(a), a district court may waive the filing fee for civil complaints by granting IFP status to individuals unable to afford the fee. *Andrews v. Cervantes*, 493 F.3d 1047, 1051–52 (9th Cir. 2007). "To address concerns that prisoners proceeding IFP were burdening the federal courts with frivolous lawsuits, the PLRA altered the IFP provisions for prisoners in an effort to discourage such suits." *Id*. (citing *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3rd Cir. 2001) (en banc)).

Indigent prisoners still receive IFP status if they meet the requirements, but according to § 1915(b), prisoners moving to proceed IFP must pay the filing fee when funds become available in their prison accounts. 28 U.S.C. §1915(b); *Cervantes*, 493 F.3d at 1051. "Additionally, prisoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three-strikes rule." *Cervantes*, 493 F.3d at 1051-52. The "three-strikes rule," contained in §1915(g), states:

> [i]n no event shall a prisoner bring a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to

state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The PLRA's strike provision does not distinguish between dismissals with prejudice, dismissals without prejudice, actions dismissed on the merits, or actions dismissed pursuant to the PLRA's screening provisions. *O'Neal v. Price*, 531 F.3d 1146, 1154-55 (9th Cir. 2008). When an application is rejected pursuant to the screening provisions of 28 U.S.C. § 1915 and the case is dismissed, the dismissal counts as a strike. *Id*. at 1155. Furthermore, a dismissal for failure to file an amended complaint after plaintiff has received notice that his original complaint fails to state a claim also qualifies as a strike. *See Harris v. Mangum*, 863 F.3d 1133, 1142-43 (9th Cir. 2017).

A review of plaintiff's litigation in this District reveals that plaintiff has accumulated at least three "strikes" under § 1915(g). The Court finds that the following cases constitute strikes—each was filed while plaintiff was incarcerated and each was dismissed for failure to state a claim—prior to plaintiff's initiation of this lawsuit:

- *Silva v. Sanders et al.*, No. 2:19-cv-01090 JCC, Dkt. 10 (W.D. Wash. Aug. 21, 2019) (recommending dismissal without prejudice for failure to file amended complaint after order identifying deficiencies and warning of dismissal for failure to state a claim if the deficiencies were not corrected), *Report and Recommendation adopted*, Dkt. 14 (Sept. 25, 2019);

- *Silva v. Sanders*, No. 2:19-cv-01734 RSM, Dkt. 9 (Nov. 7, 2019) (recommending dismissal with prejudice on initial screening for failure to state a claim pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)), *Report and Recommendation adopted*, Dkt. 10 (Nov. 22, 2019);

- *Silva v. State of Washington et al.*, No. 3:21-cv-05234 RSM, Dkt. 6 (April 2, 2021) (recommending dismissal with prejudice on initial screening for failure to state a claim because no amendment would cure deficiencies), *Report and Recommendation adopted*, Dkt. 7 (April 19, 2021).

As Plaintiff incurred at least three strikes before the date he filed this action, he may not proceed IFP unless he can show he is "under imminent danger of serious

REPORT AND RECOMMENDATION DENYING
PLAINTIFF'S APPLICATION TO PROCEED IN FORMA
PAUPERIS - 3

physical injury." 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1053 ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)."). The imminent danger exception requires a prisoner to allege a danger which is "ready to take place" or "hanging threateningly over one's head." *Cervantes*, 493 F.3d at 1056. The Ninth Circuit has held that "requiring a prisoner to 'allege ongoing danger . . . is the most sensible way to interpret the imminency requirement.'" *Id.* (quoting *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998)). Additionally, the plaintiff must make specific or credible allegations showing the threat is real and proximate. *Cervantes*, 493 F.3d at 1053 (citing *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002); *Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001)).

    Plaintiff makes no allegations that he was in imminent danger of serious physical injury at the time he filed this case. Plaintiff's proposed complaint alleges that defendant's prescription of anti-psychotic medication instead of marijuana violated plaintiff's religious rights. Dkt. 1.

    Plaintiff's lack of access to marijuana in no way implicates his physical safety. Furthermore, the acts underlying plaintiff's complaint are alleged to have occurred during his confinement at a different institution—Western State Hospital—from which he was transferred prior to his filing of the complaint. Plaintiff cannot establish any imminent danger of serious harm. He is therefore barred by his three strikes from bringing this action *in forma pauperis*. 28 U.S.C. 1915(g).

## CONCLUSION

    For the above stated reasons, the Court should hold that Plaintiff has incurred at least three strikes under 42 U.S.C. § 1915(g) and has not shown the imminent danger exception applies. Therefore, the Court recommends Plaintiff's Application (Dkt. 1) be

denied. The Court further recommends Plaintiff be ordered to pay the $402.00 filing fee within thirty (30) days of the date on which this Report and Recommendation is adopted and, if the fee is not paid, that this case be dismissed without prejudice.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP) 72(b); see also FRC P 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed set this matter for consideration on **August 6, 2021**, as noted in the caption.

Dated this 20th day of July, 2021.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION DENYING
PLAINTIFF'S APPLICATION TO PROCEED IN FORMA
PAUPERIS - 5