1

2

3

4

5

6
<br>
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7

8  RAMON SAUL SILVA, JR.,                      CASE NO. C21-5444 BHS-TLF

                 Plaintiff,          ORDER ADOPTING REPORT

9      v.                                        AND RECOMMENDATION

10  ROGELIO ZARAGOZA,

11                   Defendant.

12

13        This matter comes before the Court on the Report and Recommendation ("R&R")

14  of the Honorable Theresa L. Fricke, United States Magistrate Judge, Dkt. 4, and Plaintiff

15  Ramon Silva's objections to the R&R, Dkt. 6.

16        Silva is a Washington State prisoner currently incarcerated at the Washington

17  State Penitentiary. On June 17, 2021, he filed an application to proceed *in forma pauperis*

18  ("IFP") and a proposed 42 U.S.C. § 1983 prisoner civil rights complaint. Dkts. 1, 1-1.

19  Silva alleges that Defendant, a psychiatrist at Western State Hospital where he was

20  previously housed, violated his religious rights by prescribing anti-psychotic medication

21  instead of marijuana, which Silva contends is required by his religion. Dkt. 1-1 at 4–6.

22

ORDER - 1

1    On July 20, 2021, Judge Fricke issued the instant R&R, recommending that the

2  Court deny Silva's IFP application and order Silva to pay the $402.00 filing fee. Dkt. 4.

3  The R&R concluded that Silva has incurred at least three strikes under 28 U.S.C.

4  § 1915(g) and is not under imminent danger of serious physical injury, precluding Silva's

5  IFP status here. *Id.* On July 24, 2021, Silva objected to the R&R, arguing that one of the

6  cases cited in the R&R as a strike should not count because the case is currently on

7  appeal. Dkt. 6.

8    The district judge must determine de novo any part of the magistrate judge's

9  disposition that has been properly objected to. The district judge may accept, reject, or

10  modify the recommended disposition; receive further evidence; or return the matter to the

11  magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

12    The R&R concluded that Silva has filed at least three strikes under 28 U.S.C.

13  § 1915(g), including:

14  • *Silva v. Sanders et al.*, No. 2:19-cv-01090 JCC, Dkt. 10 (W.D. Wash. Aug. 21,

15    2019) (recommending dismissal without prejudice for failure to file amended

16    complaint after order identifying deficiencies and warning of dismissal for failure

17    to state a claim if the deficiencies were not corrected), Report and

18    Recommendation adopted, Dkt. 14 (Sept. 25, 2019);

19  • *Silva v. Sanders*, No. 2:19-cv-01734 RSM, Dkt. 9 (Nov. 7, 2019) (recommending

20    dismissal with prejudice on initial screening for failure to state a claim pursuant to

21    28 U.S.C. §§ 1915A(b) and 1915(e)), Report and Recommendation adopted, Dkt.

22    10 (Nov. 22, 2019); and

1      • *Silva v. State of Washington et al.*, No. 3:21-cv-05234 RSM, Dkt. 6 (April 2,

2          2021) (recommending dismissal with prejudice on initial screening for failure to

3          state a claim because no amendment would cure deficiencies), Report and

4          Recommendation adopted, Dkt. 7 (April 19, 2021).

5      Silva objects to the consideration of *Silva v. State of Washington et al.* as a strike because

6      he has since appealed the Court's decision, *see* No. 3:21-cv-05234 RSM, Dkt. 13.

7          However, the R&R properly considered *Silva v. State of Washington et al.* as a

8      strike. The Supreme Court has held that "[a] prior dismissal on a statutorily enumerated

9      ground counts as a strike even if the dismissal is the subject of an appeal." *Coleman v.*

10     *Tollefson*, 575 U.S. 532, 537 (2015). "To refuse to count a prior dismissal because of a

11     pending appeal would produce a leaky filter." *Id.* at 539. Prior to the Supreme Court's

12     decision in *Coleman*, the law of the Ninth Circuit was that "a district court's dismissal of

13     a case does not count as a 'strike' under § 1915(g) until the litigant has exhausted or

14     waived his opportunity to appeal." *Silva v. Di Vittorio*, 658 F.3d 1090, 1100 (9th Cir.

15     2011), overruled by *Coleman*, 575 U.S. at 537. But, as the Ninth Circuit has explicitly

16     recognized, *Silva v. Di Vittorio*'s holding does not survive *Coleman*. *Richey v. Dahne*,

17     807 F.3d 1202, 1209 n.6 (9th Cir. 2015).

18         The R&R therefore properly concluded that Silva has accumulated three strikes

19     under § 1915(g) and should not be allowed to proceed IFP in this case.[1]

20

---

21     [1] Even if the Court considered the merits of Silva's IFP application, it would deny Silva
       leave to proceed IFP because "it appears from the face of the proposed complaint that the action
       is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir.
22     1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint

1     The Court having considered the R&R, Plaintiff's objections, and the remaining

2   record, does hereby find and order as follows:

3        (1)     The R&R is **ADOPTED**;

4        (2)     Plaintiff's application to proceed *in forma pauperis* is **DENIED**. Plaintiff is

5                directed to pay the $402.00 filing fee within 30 days of this Order. Failure

6                to timely submit the requisite fee will result in dismissal of this case

7                without prejudice;

8        (3)     In the event of any appeal, Plaintiff may not proceed *in forma pauperis* as

9                he has incurred three strikes under 28 U.S.C. § 1915(g); and

10        (4)     This matter is re-referred to Judge Fricke for further consideration.

11   Dated this 2nd day of September, 2021.

12

13                                    _____

14                                    BENJAMIN H. SETTLE
                                      United States District Judge

15

16

17

18

19

20

21   is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati*, 821 F.2d at 1370 (citing
     *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *Franklin v. Murphy*, 745 F.2d 1221, 1228
22   (9th Cir. 1984)).

ORDER - 4