UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RAMON SAUL SILVA JR,

           Plaintiff,

v.

ROGELIO ZARAGOZA ,

           Defendants.

Case No. 3:21-cv-5444-BHS-TLF

REPORT AND RECOMMENDATION

Noted for October 29, 2021

This matter is before the Court on plaintiff's failure to pay the filing fee as ordered by the Court. Dkt. 7. This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4. Plaintiff has not paid the filing fee, but instead has filed a motion seeking a three-month extension of his payment obligation. Dkt. 8. For the reasons discussed below, the Court recommends that plaintiff's motion be denied and his complaint dismissed without prejudice for nonpayment of the filing fee.

## BACKGROUND

The undersigned previously found that plaintiff was not entitled to proceed *in forma pauperis* in this 28 U.S.C. § 1983 action because, prior to filing this case, plaintiff had incurred three "strikes" pursuant to 28 U.S.C. 1915(g). The undersigned therefore recommended that plaintiff be required to pay the $402 filing fee and that his complaint be dismissed if he failed to do so. On September 2, 2021, the Honorable Benjamin H. Settle adopted the recommendation and ordered plaintiff to pay the filing fee within 30

REPORT AND RECOMMENDATION - 1

1 days. Dkt. 7. Instead of paying the filing fee as required, plaintiff seeks a three-month
2 extension of the payment obligation. Dkt. 8.

3                                                  DISCUSSION

4         Satisfaction of the filing fee—either through payment or through a grant of *in
5 forma pauperis* (IFP) status—is a required prerequisite to filing a complaint. Here,
6 plaintiff is not entitled to IFP status due to his previous filing of three cases that were
7 dismissed for failure to state a claim. 28 U.S.C. § 1915(g); Dkt. 7. Accordingly, the
8 complaint is subject to dismissal without prejudice unless the filing fee is paid. The Ninth
9 Circuit has affirmed district court orders dismissing complaints immediately upon denial
10 of IFP status. *See O'Neal v. Price*, 531 F.3d 1146, 1156 (9th Cir. 2008) (affirming district
11 court's dismissal of plaintiff's complaint on the ground that he struck out under §
12 1915(g)); *LeBlanc v. Asuncion*, 699 F. App'x 762 (9th Cir. 2017) (affirming dismissal of
13 complaint after denial of IFP status due to "strikes").

14         The Court granted plaintiff a 30-day grace period in which to pay his filing fee.
15 The Court should reject any further requests for extension. Because the dismissal is
16 without prejudice, plaintiff is free to re-file his lawsuit when he has the funds to pay the
17 filing fee.

18         Although a dismissal without prejudice allows plaintiff an opportunity to re-file his
19 complaint, the Court is required to screen such a complaint and must "dismiss the
20 complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or
21 fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from
22 a defendant who is immune from such relief." 28 U.S.C. §1915A(b); 28 U.S.C. §
23 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998). Here, Judge Settle
24 noted that even if plaintiff's "strikes" were not considered, he would have denied

25

REPORT AND RECOMMENDATION - 2

plaintiff's IFP application on the merits because "'it appears from the face of the proposed complaint that the action is frivolous or without merit.'" Dkt. 7 at 3 n.1 (quoting *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987). If plaintiff chooses to re-file his complaint, it will be screened and, if found frivolous, may be dismissed.

## CONCLUSION

The undersigned recommends that the Court deny plaintiff's motion to extend the time to pay the filing fee in this matter and dismiss plaintiff's complaint without prejudice. The undersigned further recommends that plaintiff be denied leave to proceed *in forma pauperis* in the event of any appeal because he has incurred three strikes under 28 U.S.C. § 1915(g).

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 72(b); *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the above time limit, the Clerk shall set this matter for consideration on **October 29, 2021**, as noted in the caption.

Dated this 14th day of October, 2021.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge